IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| v. | : CRIMINAL NO. SAG-19-0486 |
| **KARON FOSTER,** | : |
| **RASHAUD NESMITH,** | |
| **JAMAI WELLS,** | : |
| **DANIEL WILLIAMS,** | |
| **MALIK EVANS, and** | : |
| **DEMONTE KELLUM** | |
| | : |
| **Defendants.** | |

## MOTION FOR EXCLUSION OF TIME FROM SPEEDY TRIAL COMPUTATIONS

The United States of America, by and through undersigned counsel, hereby moves this Court as follows:

1. The Speedy Trial Act, 18 U.S.C. § 3161, requires that a defendant be brought to trial within 70 days of indictment or initial appearance. The Act does provide for various circumstances under which the computation of time may be excluded. 18 U.S.C. § 3161(h).

2. On October 16, 2019, a grand jury sitting in the District of Maryland indicted Karon FOSTER, Rashaud NESMITH, and Jamai WELLS two-count indictment.

3. On October 17, 2019, WELLS had his initial appearance on the indictment and consented to detention.

4. On October 30, 2019, the grand jury authorized a superseding indictment which added Daniel WILLIAMS and nine additional counts.

5. On November 14, 2019, FOSTER had his initial appearance on the superseding indictment and consented to detention.

1

6. On November 18, 2019, WILLIAMS had his initial appearance on the superseding indictment and consented to detention.

7. On November 22, 2019, NESMITH had his initial appearance on the superseding indictment and consented to detention.

8. On December 11, 2019, the grand jury approved a second superseding indictment which added two additional charges against NESMITH.  NESMITH and WELLS had their initial appearance on the second superseding indictment on January 3, 2020.

9. On February 11, 2020, the grand jury approved a third superseding indictment which added one additional charge against NESMITH and FOSTER.

10. On July 28, 2020, the grand jury approved a fourth superseding indictment which added two additional defendants, Malik EVANS and Demonte KELLUM to the indictment.  EVANS had an initial appearance on July 31, 2020 and was detained following a hearing on August 5, 2020. EVANS also had an arraignment following the detention hearing.

11. On August 7, 2020, the Office of the Federal Public Defender withdrew their representation of FOSTER.   The Court appointed Stephen Mercer as replacement counsel.

12. On January 20, 2021, KELLUM had an initial appearance and was detained following a hearing on January 25, 2021.   KELLUM's attorney received voluminous discovery following the detention hearing.

13. On May 27, 2021, a grand jury sitting in the District of Maryland authorized an indictment for NESMITH in an unrelated case, charging him with Conspiracy to Participate in a Racketeering Enterprise, and other charges.  See United States v. Butler, et al., CCB-19-0036.  NESMITH had his initial appearance in this case on June 14, 2021.

14.     FOSTER signed a plea agreement in this matter.  A Rule 11 hearing is set for June 29, 2021.

15.     There are no other dates set in this matter.

16.     Since on or about March 15, 2020, the Court has restricted in-person hearings at various times due to the on-going global pandemic.  *See* Standing Orders 2020-01 through 2021-03. The Court currently plans to resume in-person hearings on or about March 1, 2021.  *See* Standing Order 2021-04.  Similarly, access to defendant housed at the Chesapeake Detention Facility ("CDF") where five of the six defendants are currently house, has been limited.

17.     The Government sent written plea agreements to two defendants.  The limited access to CDF poses a barrier to counsel discussing the offer with their clients.

18.     The Government previously requested to exclude time from the speedy trial clock through May 31, 2021.  The Government now requests additional excluded time, specifically, through September 1, 2021.  The circumstances of this case permit such a delay and an exclusion of time during this period.  Periods of delay that extend the time within which trial should commence include delays granted by the Court on the basis of a finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant's right in a speedy trial.  18 U.S.C. § 3161(h)(7)(A).  In this case, the requested extension of time will (1) give the most recent defendant, KELLUM, time to review the continuing production of discovery in this matter and discuss a possible resolution in this case; (2) allow the Court to resume in-court, multi-defendant proceedings; and (3) allow counsel time to review written plea offers with their clients. A plea disposition would serve the interests of justice because it would allow the parties to enter into a mutually acceptable and beneficial disposition and would also preserve the resources that

might otherwise be expended in a trial.

19.     Counsel for the defendants were notified on or about June 15, 2021 of the Government's intention to file this motion.   Counsel for WELLS and KELLUM do not object to the request. The Government has not received a position from the other defendants.

Wherefore, the United States, through undersigned counsel, hereby requests that the Court issue an Order providing for the requested exclusion of time from May 31, 2021 through September 1, 2021.

A proposed Order is attached herein.

                                Respectfully submitted,

                                Jonathan F. Lenzner,
                                Acting United States Attorney

By:     _____/s/_____
        Patricia McLane
        Brandon Moore
        Assistant United States Attorneys

Filed ECF: June 17, 2021