

RAQUIN MERCER
LAW OFFICES

December 18, 2021

The Honorable Stephanie A. Gallagher
United States District Judge
District of Maryland
Edward A. Garmatz United States District Courthouse
101 West Lombard Street
Baltimore, MD 21201

        RE:    Sentencing in *United States v. Karon Foster*
                  Crim. No. SAG-19-0486

Dear Judge Gallagher:

    I write on behalf of Karon Foster to respectfully object to the Government's request to attach the "victim impact statements" to the Pre-Sentence Investigative Report. Also, I am submitting a letter from Mr. Foster's sister, Tymisha Bruce, that I would ask the Court to consider for purposes of sentencing.

    Shari Hesie Forcina, Victim/Witness specialist with the United States Department of Justice, requested that the following statements be included in the Pre-Sentence Investigative Report, citing to Fed. R. Crim. P. 32(d)(2)(B):

    **12/17/2021:** Statements of Tama Anderson (mother of deceased victim Devon Chavis' child); Dyamon Brown (cousin of Devon Chavis); Queoshay Dickens (friend of Devon Chavis).

    **12/16/2021:** Statement of Pamela Chavis (mother of Devon Chavis).

    **12/16/2021:** Statement of victim Siraj Abdulzahra.

    **12/15/2021:** Statements of Veronica Sharpe Knight (grandmother of deceased Kendrick D. Sharpe); Donta T. Sharpe (cousin of Kendrick D. Sharpe); Adonis V. Sharpe (uncle of Kendrick D. Sharpe); Rick Sharpe (uncle of Kendrick D. Sharpe); Y. Bridget Sharpe (aunt of Kendrick D. Sharpe); Melanie Savage (mother of Kendrick D. Sharpe's daughter); Jacqueline Sharpe (aunt of Kendrick D. Sharpe).

    To be sure, the Crime Victims' Rights Act ("CVRA"), enacted as section 102 of the Justice for All Act of 2004, Pub. L. No. 108-405, 118 Stat. 2260, 2261-64 (codified at 18 U.S.C. § 3771 (2006 & Supp. III 2009)), guarantees victims of federal crimes eight rights. *See* 18 U.S.C. § 3771(a). The CVRA defines a "crime victim" in relevant part as "a person directly and proximately

The Honorable Stephanie A. Gallagher
RE:   Sentencing in *United States v. Karon Foster*
          Crim. No. SAG-19-0486
December 18, 2021
Page 2 of 2


harmed as a result of the commission of a Federal offense or an offense in the District of Columbia. In the case of a crime victim who is … deceased … family members … may assume the crime victim's rights[.]" 18 U.S.C. § 3771(e). Pertinent here, is the "right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding." *Id.* at (a)(4). The CVRA does not provide for statements of crime victims to be attached to the Pre-Sentence Report.

Fed. R. Crim. Proc. 32(d)(2)(B) provides that "[t]he presentence report must also contain … information that assesses any financial, social, psychological, and medical impact on any victim[.]" To that end, Rule 32(d)(2)(B) appropriately limits the scope of information to the impact of the crime on the victim. The letters exceed that scope by addressing matters concerning Mr. Foster and his sentence. In any event, Rule 32(d)(2)(B) does not require statements of crime victims to be attached to the Pre-Sentence Report.

I agree that the CVRA ensures crime victims, *i.e.*, immediate family members, the opportunity to directly address the Court at a defendant's sentencing. However, neither the CVRA nor Rule 32(d)(2)(B) provide the right for the statements of crime victims to be attached to the Pre-Sentence Report. *See United States v. Burkholder*, 590 F.3d 1071 (9th Cir. 2010) (affirming district court's denial of government's request to attach statements of crime victims to the pre-sentence report).

The Pre-Sentence Report is an important document central to the Bureau of Prisons' decisions concerning Mr. Foster's classification, placement, treatment, and programing during his lengthy incarceration. The statements submitted to the Court contain information that is not relevant to the legitimate uses of the Pre-Sentence Report and attaching them would not otherwise further the purposes of sentencing, the CVRA, or Rule 32(d)(2)(B). I respectfully request that the Court deny the Government's request to attach them to the Pre-Sentence Report.

Sincerely,

Steve Mercer

Encl. (as noted)

Dear Honorable Judge Gallagher,

    My name is Tymisha, I am Karon Fosters' older sister. I am aware of the criminal matter in which he took part, as such, the reason he's facing sentencing today. I express my sympathy for everyone who is affected by this case. I have known Karon for his entire life and we've been through a lot together, so I was taken by surprise to see him on the news being accused of a crime like this. It was hard for me to believe because I'd never known him to commit any crimes ever. As kids we were very close as we grew up in the same house together. I was aware that he had a small behavior problem, but besides that he was a sweet intelligent normal kid. We would always go to the store together, and everything he bought he always gave me half of everything weather I had my own snacks or not. He also gave me money to move into my first house. Karon would not hesitate to help another person out if he was able to and that type of kindness stayed with him for a longtime and touched many other kids, and adults. We always shared the best jokes and laughs with each other from kids to adulthood. About five years ago, we had a conversation on the phone, and he was asking me could I get him a job where I was working, I thought it was funny because he had no clue where I was working or if I even had a job at the time, but he just wanted to work but wasn't good at finding a job. He wanted to make an honest living and did not want to participate in anything illegal to make money. I remember at one point he was even writing music and I thought he was very talented and could possibly make money off it but I'm not sure what happened with that. With the absence of both of our parents as kids, growing up we didn't always have the best guidance or supervision. There was only our grandmother to care for us and she did the best that she could. Now a days When I speak to my mother, she is always remorseful about not being there or doing enough for her children to make sure they didn't grow up to make bad decisions that could cost them their lives. I believe Karon had behavior issues because of our mom's substance abuse issues that affected him at birth, both his parents being absent, experiencing being in foster care and being diagnosed with high lead levels. I believe that the effects of all these different things have played a role in most of the decisions Karon has made in his life thus far. If given certain opportunities and better guidance, I believe that Karon would not be sitting here today. Now he has a four-year-old son who may have to grow up without his dad for a longtime while hoping that he doesn't start to take his life down the wrong path and make poor decisions because now he doesn't have proper guidance from his father. Everyone makes poor decisions sometimes in life and yes there are consequences for each action, but must a person be punished for life for one terrible decision. Unfortunately, I'm not the one who decides, but I honestly do believe Karon would have made a better decision which would have been to not do what he did in the first place, had he been in a better state of mind. I love Karon very, much and I can't think of one negative thing to say about our relationship. I know everyone's not able to see the wonderful side of Karon that I see, especially after others made him out to be a monster, but I hope that you do take my words into consideration today and believe them to be true. Again, I express my sympathy for everyone effected by this case and I thank you Judge Gallagher for allowing me to write this letter.

*Tymisha Bruce* (signature)