

December 26, 2021

The Honorable Stephanie A. Gallagher
United States District Judge
District of Maryland
Edward A. Garmatz United States District Courthouse
101 West Lombard Street
Baltimore, MD 21201

                RE:    Sentencing in *United States v. Karon Foster*
                       Crim. No. SAG-19-0486

Dear Judge Gallagher:

      I write on behalf of Karon Foster to reply to the Government's response to my objection to the Government's request to attach the victim impact statements to the Pre-Sentence Investigative Report.

      The Government cites history, practice, and reliance interests to justify its request to attach the victim impact statements ("VIS") to the Presentence Report ("PSR"). However, the Government does not point to any provision of the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771 (2006 & Supp. III 2009)), or Fed. R. Crim. P. 32(d)(2)(B), which requires the PSR to include the VIS. Instead, the Government argues that the CVRA, and Rule 32(d)(2)(B), do not mandate the exclusion of the VIS. That is incorrect.

      Fed. R. Crim. Proc. 32(d)(2)(B) provides that "[t]he presentence report must also contain … information that assesses any financial, social, psychological, and medical impact on any victim[.]" Rule 32(d)(2)(B) plainly limits the scope of information to that which "assesses" the impact of the crime on the victim. Here, the letters exceed that scope by addressing the length, type, and manner of sentence that the victims believe Mr. Foster should suffer. At least one of the letters is from a person who is not a "crime victim," as the CVRA defines that term. 18 U.S.C. § 3771(e) (defining "crime victim" as a family member of the deceased).

      Moreover, the Government does not clearly explain the purpose for attaching the VIS to the PSR in this case. The Government suggests that attaching the VIS to the PSR is the "best procedure to ensure the victims are treated with dignity and respect." (Government response). That is not self-evident where, as here, the Court ensured the victims had a full opportunity to speak at Mr. Foster's sentencing about the impact of his crimes. Indeed, many of the victims read their VIS at the sentencing. Each victim spoke powerfully about the profound effects of Mr. Foster's crimes.

The Honorable Stephanie A. Gallagher
RE:    Sentencing in *United States v. Karon Foster*
        Crim. No. SAG-19-0486
December 26, 2021
Page 2 of 2

      To the extent that a practice has developed over time to attach the VIS to the PSR, that may reflect a general procedure to ensure that a court hears from victims about the impact of a crime who are not present at a defendant's sentencing. Here, the Government does not, and indeed cannot, suggest that the overarching purpose of the CVRA, *namely*, ensuring that the Court hears from crime victims at a defendant's sentencing, calls for attaching the VIS to the PSR.

      The Pre-Sentence Report is a critical document central to the Bureau of Prisons' decisions concerning Mr. Foster's classification, placement, treatment, and programming during his lengthy incarceration. It is an essential document for Mr. Foster, given his cognitive impairments and social deficiencies that require treatment. Given that the central purposes of the CVRA and Rule 32 were more than satisfied at Mr. Foster's sentencing, the Court should not permit the PSR to contain information that is outside the scope of Fed. R. Crim. Proc. 32(d)(2)(B). To do so creates an unnecessary risk of unfair prejudice to Mr. Foster's future treatment in the BOP and furthers no purpose of the CVRA or Rule 32. The Court fully heard the victims in writing and orally at Mr. Foster's sentencing hearing.

      The Government's distinguishing of *United States v. Burkholder*, 590 F.3d 1071 (9th Cir. 2010), is unpersuasive. *Burkholder* stands for the unassailable proposition that the CVRA and Rule 32 do not require the district court to attach statements of crime victims to the pre-sentence report. The Court treated the victims with the utmost respect and dignity and fully heard them at Mr. Foster's sentencing. The Government has identified no statute, rule, or compelling reason for the Court to order the attachment of the VIS to the PSR in Mr. Foster's case.

      I respectfully request that the Court deny the Government's request to attach the VIS to the PSR.

                                        Sincerely,

                                        Steve Mercer